UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KNIFE RIGHTS, INC.;
JOHN COPELAND; and PEDRO PEREZ,

             Plaintiffs,

- against -

CYRUS VANCE, JR., in his Official Capacity as the New York County District Attorney; CITY OF NEW YORK; and ERIC SCHNEIDERMAN, in his Official Capacity as Attorney General of the State of New York,

             Defendants.

**DEFENDANT, CITY OF NEW YORK'S, ANSWER TO THE COMPLAINT**

11 Cv. 3918 (BSJ)

------------------------------------------------------------------- X

    Defendant, the City of New York ("City"), by its attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges upon information and belief as follows:

    1.  Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiffs purport to proceed as set forth therein.[1]

    2.  Denies the allegations set forth in paragraph 2 of the complaint, and respectfully refers the Court to the cited provisions of law for their full texts and true meaning.

    3.  Denies the allegations set forth in the first sentence of paragraph 3 of the complaint, except admits that plaintiff purports to proceed as set forth therein. Denies the allegations set forth in the second, third, and fourth sentences of paragraph 3 of the complaint insofar as they can be construed as alleging any wrongdoing by the City. Denies the allegations set forth in the fifth sentence of paragraph 3 of the complaint, and respectfully refers the Court to

---

[1] To the extent plaintiffs use the term "Common Folding Knife" throughout the complaint, City avers that such term is not contained within the New York State Penal Law, and further avers that the knives seized by the New York City Police Department in conjunction with the arrests of plaintiffs Copeland and Perez were gravity knives as defined by New York State Penal Law § 265.00(5).

the sentencing guidelines in New York Penal Law § 70.15(1) for their full text and true meaning, except denies knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they allege what "most individuals choose."

    4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint, except denies that the City entered into any such agreement with the unnamed "NYC Retailers" or that the City received any "monetary payments" under said agreement, and avers that said agreement and any "monetary payments" were arranged by the office of the New York County District Attorney ("District Attorney").

    5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5 and 6 of the complaint, except denies said allegations insofar as they can be construed as alleging any wrongdoing by the City.

    6.  Denies the allegations set forth in paragraphs 7 and 8 of the complaint, except admits that plaintiffs purport to proceed as set forth therein.

    7.  Admits the allegations set forth in paragraph 9 of the complaint.

    8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 10, 11, and 12 of the complaint.

    9.  Denies the allegations set forth in paragraph 13 of the complaint, except admits that plaintiffs purport to proceed as set forth therein.

    10.  Admits the allegations set forth in the first sentence of paragraph 14 of the complaint. Denies the allegations set forth in the second sentence of paragraph 14 of the complaint, and respectfully refers the Court to Chapter 18 of the New York City Charter ("Charter") for an accurate rendition of the duties and obligations of the New York City Police

Department ("NYPD"). Admits the allegations set forth in the third sentence of paragraph 14 of the complaint. Denies the allegations set forth in the fourth sentence of paragraph 14 of the complaint insofar as they can be construed as alleging any wrongdoing by the City, and further denies that the NYPD has enforced against plaintiff, Knife Rights, Inc.

11. Denies the allegations set forth in paragraph 15 of the complaint, except admits that plaintiffs purport to proceed as set forth therein.

12. Denies the allegations set forth in paragraph 16 of the complaint, and respectfully refers the Court to New York Penal Law § 265.00(4), which provides a definition of a switchblade knife, for its full text and true meaning.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 17 of the complaint. Denies the allegations set forth in the second and third sentences of paragraph 17 of the complaint, and respectfully refers the Court to New York Penal Law § 265.00(5), which provides a definition of a gravity knife, for its full text and true meaning.

14. Denies the allegations set forth in paragraph 18 of the complaint, and respectfully refers the Court to New York Penal Law § 265.01(1) for its full text and true meaning.

15. Denies the allegations set forth in paragraph 19 of the complaint, and respectfully refers the Court to New York Penal Law § 265.00(4) for its full text and true meaning, except admits that this provision became effective in 1954.

16. Denies the allegations set forth in paragraph 20 of the complaint, and respectfully refers the Court to New York Penal Law § 265.00(5) for its full text and true meaning, except admits that this provision became effective in 1958.

17. Denies the allegations set forth in paragraph 21 of the complaint, and respectfully refers the Court to the cited case law for its full text and true meaning.

18. Denies the allegations set forth in paragraph 22 of the complaint.

19. Denies the allegations set forth in paragraph 23 of the complaint, and respectfully refers the Court to New York Penal Law §§ 70.15(1) and 265.01 for their full texts and true meaning.

20. Admits the allegations set forth in paragraph 24 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of said allegations insofar as they allege the location of John Copeland's ("Copeland") home.

21. Admits the allegations set forth in paragraph 25 of the complaint.

22. Denies the allegations set forth in paragraph 26 of the complaint, and avers that the knife Copeland was carrying at the time of his arrest was vouchered by the NYPD as a "black gravity knife."

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint, except denies the allegations insofar as they allege or purport to allege that the knife Copeland was carrying at the time of his arrest was not a gravity knife.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

25. Denies so much of the allegations set forth in paragraph 29 of the complaint as is inconsistent with the records relevant to the prosecution of Copeland, and which allege or purport to allege that the NYPD acted improperly or in any manner that was contrary to law, and admits that the NYPD determined that the charge against Copeland was predicated

- 5 -

upon his possession of a gravity knife. Admits the allegations set forth in the second sentence of paragraph 29 of the complaint.

      26.    Admits the allegations set forth in the first and third sentences of paragraph 30 of the complaint. Denies the allegations set forth in the second sentence of paragraph 30 of the complaint, and avers that any plea arrangement was made by the office of the District Attorney.

      27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint, except denies the allegations insofar as they allege or purport to allege that the Penal Law definition of switchblade and/or gravity knife is unconstitutionally vague.

      28.    Admits the allegations set forth in paragraphs 32 and 33 of the complaint.

      29.    Denies the allegations set forth in paragraph 34 of the complaint, and avers that the knife Pedro Perez ("Perez") was carrying at the time of his arrest was vouchered by the NYPD as a "black and silver gravity knife."

      30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the complaint, except denies the allegations insofar as they allege or purport to allege that the knife Perez was carrying at the time of his arrest was not a gravity knife.

      31.    Denies so much of the allegations set forth in first and second sentences of paragraph 36 of the complaint as is inconsistent with the records relevant to prosecution of Perez, and which allege or purport to allege that the NYPD acted improperly or in any manner contrary to law, and admits that the charge against Perez was predicated upon his possession of a gravity knife. Admits the allegations set forth in the third sentence of paragraph 36 of the complaint.

32.     Admits the allegations set forth in the first and third sentences of paragraph 37 of the complaint. Denies the allegations set forth in the second sentence of paragraph 37 of the complaint, and avers that any plea arrangement was made by the District Attorney.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint, except denies the allegations insofar as they allege or purport to allege that the Penal Law definition of switchblade and/or gravity knife is unconstitutionally vague.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 39 and 40 of the complaint.

35.     Denies the allegations set forth in paragraph 41 of the complaint insofar as they can be construed as alleging any wrongdoing by the City, and avers that upon information and belief any such arrangement was made by the office of the District Attorney.

36.     Denies the allegations set forth in paragraph 42 of the complaint insofar as they can be construed as alleging any wrongdoing by the City, and avers that upon information and belief any such agreement was made by the office of the District Attorney.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the complaint, except admits that plaintiffs purport to proceed as set forth therein.

38.     Denies the allegations set forth in paragraph 44 of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in first sentence of paragraph 45 of the complaint. Denies the allegations set forth in the second sentence of paragraph 45 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in first sentence of paragraph 46 of the complaint. Denies the allegations set forth in the second sentence of paragraph 46 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in first sentence of paragraph 47 of the complaint. Denies the allegations set forth in the second sentence of paragraph 47 of the complaint.

42. Denies the allegations set forth in paragraph 48 of the complaint and respectfully refers the Court to the Fourteenth Amendment of the Constitution of the United States for its full text and true meaning.

43. Denies the allegations set forth in paragraph 49 of the complaint and respectfully refers the Court to the cited case law for its full text and true meaning.

44. Denies the allegations set forth in paragraph 50 of the complaint and respectfully refers the Court to the cited case law for its full text and true meaning.

45. Neither admits nor denies the allegations set forth in paragraph 51 of the complaint as they consist of legal argument to which no response is required, except to the extent the Court deems a response necessary, denies the allegations.

46. Denies the allegations set forth in paragraphs 52, 53, 54, and 55 of the complaint.

47. Denies that plaintiff is entitled to any of the relief set forth in the Wherefore clause of the complaint.

## AS AND FOR A FIRST DEFENSE

48. Plaintiff, Knife Rights, Inc., does not have standing to commence this action.

## AS AND FOR A SECOND DEFENSE

49. None of the plaintiffs has standing to assert the rights of the New York City retailers.

## AS AND FOR A THIRD DEFENSE

50. The City has not violated any rights, privileges, or immunities guaranteed to plaintiffs by the Constitution or laws of the United States or the State of New York, or any political subdivision thereof, nor has the City violated any act of Congress providing for the protection of civil rights.

51. The seizure of plaintiffs' property, and the imposition of charges against the named plaintiffs, did not violate the Due Process clause of the United States or New York State Constitutions.

52. Any actions complained of herein, if, in fact, they were perpetrated by the City, were in all respects legal, proper, reasonable, and constitutional.

## AS AND FOR A FOURTH DEFENSE

53. Any injury alleged to have been sustained by plaintiffs resulted from the plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of parties other than the City.

## AS AND FOR A FIFTH DEFENSE

54. New York State Penal Law §§ 265.00(1), (4), and (5) are not unconstitutionally vague.

- 9 -

**WHEREFORE**, defendant, The City of New York, demands judgment dismissing the complaint as against it, along with costs of this action, together with such other and further relief as the Court may seem just and proper.

Dated: New York, New York
      October 11, 2011

                      MICHAEL A. CARDOZO
                      Corporation Counsel of
                      the City of New York
                      Attorney for Defendants
                      100 Church Street, Room 5-153
                      New York, New York  10007
                      Tel: (212) 788-0790

By: _____/s/ Louise Lippin_____
      Louise Lippin (LL-4712)
      Assistant Corporation Counsel

- 9 -

**WHEREFORE**, defendant, The City of New York, demands judgment dismissing the complaint as against it, along with costs of this action, together with such other and further relief as the Court may seem just and proper.

Dated: New York, New York
     October 11, 2011

                  MICHAEL A. CARDOZO
                  Corporation Counsel of
                  the City of New York
                  Attorney for Defendants
                  100 Church Street, Room 5-153
                  New York, New York  10007
                  Tel: (212) 788-0790

By: _____/s/ Louise Lippin_____
     Louise Lippin (LL-4712)
     Assistant Corporation Counsel

Docket No. 11 Civ. 3918

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNIFE RIGHTS, INC.,
JOHN COPELAND; and PEDRO PEREZ,

Plaintiffs,

-against-

CYRUS VANCE, JR., in his Official Capacity as the New York County District Attorney; CITY OF NEW YORK; and ERIC SCHNEIDERMAN, in his Official Capacity as Attorney General of the State of New York,

Defendants.

**DEFENDANT, CITY OF NEW YORK'S, ANSWER TO THE COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for City of New York*
*100 Church Street, Room 5-153*
*New York, N.Y. 10007*

*Of Counsel: Louise Lippin*
*Tel: (212) 788-0790*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................., 200. . .*

*.............................................................Esq.*

*Attorney for..........*