UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIFE RIGHTS, INC.; *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>CYRUS VANCE, JR.; *et al.*,<br><br>Defendants. | No. 11 Civ. 3918 (BSJ) (RLE)<br>ECF Case<br><br>**DECLARATION OF**<br>**JOHN STITT** |

I, John Stitt, declare as follows:

1.     I am President and CMO of KA-BAR Knives Inc. ("KA-BAR").  I am over 18 years of age and am authorized to make this Declaration to present facts supporting the standing of Plaintiff Knife Rights, Inc. ("Knife Rights") in this case.

2.     KA-BAR is a corporation organized under the laws of the State of New York with its principal place of business at Olean, New York.

3.     KA-BAR is a member of Knife Rights.  Knife Rights is authorized to seek relief on KA-BAR's behalf in this case.

4.     KA-BAR is a manufacturer of knives, including common folding knives.  KA-BAR has been in business since 1898 and distributes and markets its products to customers located throughout the United States.

5.     KA-BAR is aware that in June 2010 New York County District Attorney Cyrus Vance, Jr. ("DA Vance") threatened to prosecute retailers of common folding knives on the grounds that the folding knives were supposedly "gravity" and/or "switchblade" knives. Representatives of KA-BAR have learned of news reports and press releases from DA Vance's office, and based on that material KA-BAR understands that DA Vance ultimately made

agreements under which the retailers agreed to turn over their inventory and to pay large financial contributions to the City ($1.8 million) in exchange for leniency.

6.     From the time of DA Vance's June 2010 announcement to the present, KA-BAR has suffered a decrease in business with customers based in New York City and with customers that make their own sales to purchasers in New York City. KA-BAR understands that many New York City businesses that formerly sold folding knives (including folding knives that KA-BAR itself manufactures) no longer do so as a consequence of DA Vance's enforcement actions and his ongoing threat to enforce the "switchblade" and "gravity" knife laws against common folding knives again.

7.     DA Vance's apparent interpretation of the New York laws that prohibit "switchblade" and "gravity" knives is at odds with KA-BAR's understanding of the law. KA-BAR understands, and believes it is a norm in the industry and in laws throughout the United States, that common folding knives – knives that are designed to resist opening from the closed position – are neither "switchblade" nor "gravity" knives under customary definitions *and* under the language set forth in the New York Penal Law.

8.     Since learning that DA Vance has enforced the law in this manner, and by all accounts will continue to do so in the future, KA-BAR has been unable to determine with any certainty whether particular common folding knives in its product line are legal in New York City. KA-BAR is concerned about inadvertently running afoul of the current interpretation and enforcement policy, and wishes to adapt its own practices to avoid this possibility.

9.     As a result of DA Vance's actions, KA-BAR is concerned that DA Vance will prosecute it or threaten to prosecute it if it ships common folding knives to persons in New York

-2-

City.   KA-BAR is concerned that DA Vance might initiate a criminal prosecution, or alternatively, might demand a large financial contribution under the threat of prosecution.

10.   As a result of KA-BAR's inability to determine what types of folding knives are treated as legal and illegal in New York City, KA-BAR has serious concerns about the consequences of selling knives in New York City, as well as the potential impact of DA Vance's actions on its business.

11.   KA-BAR has sought clarification regarding whether particular folding knives are illegal in New York City.   In particular, KA-BAR has contacted Knife Rights on several occasions to raise and discuss the issue, including to inquire about whether or not particular styles of folding knives can be sold in New York City, and to request Knife Rights' guidance and advice regarding the types of knives that KA-BAR can lawfully sell in New York City.

12.   KA-BAR has also contacted Knife Rights to request that Knife Rights take action to clarify and define the meaning of the "gravity" and "switchblade" knife laws and/or work to amend the State laws covering "gravity" and "switchblade" knives so as to make their prohibitions clear.

13.   Knife Rights has been attentive to KA-BAR's requests, has worked diligently and on a sustained basis on this issue, and has kept KA-BAR informed of its progress and activities on an ongoing basis since the summer of 2010.

I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: November **10**, 2011

John Stitt
President and CMO
KA-BAR Knives Inc.

-3-