

**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

January 6, 2012

David Jensen, Esq.
61 Broadway, Suite 1900
New York, NY 10006

                        Re: Knife Rights v. Vance
                        11 Civ. 3918

Dear Mr. Jensen:

      Enclosed please find District Attorney Cyrus R. Vance, Jr's Responses and Objections to Plaintiffs' Requests for Admissions, Production and Interrogatories. We anticipate sending you a privilege log in a week to ten days, and expect to file DA Vance's discovery demands within that timeframe as well.

                        Sincerely,

                        s/
                        Eva Marie Dowdell
                        Assistant District Attorney

cc: Louise Lippin, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KNIFE RIGHTS, INC.; JOHN COPELAND;
AND PEDRO PEREZ

                        Plaintiffs,

        -against-

CYRUS R. VANCE, JR., In his Official Capacity as the New York County District Attorney and CITY OF NEW YORK

                        Defendants.

11 CV 3918 (BSJ)(RLE)

RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

---

Pursuant to Ruled 33 of the Federal Rules of Civil Procedure, District Attorney Cyrus R. Vance, Jr. ("DA Vance") responds and objects to Plaintiffs' First Set of Interrogatories as follows:

## GENERAL STATEMENT AND OBJECTIONS

1. By responding to any request, DA Vance does not concede the materiality of the subject to which it refers. DA Vance's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. DA Vance objects to these Interrogatories to the extent that the demand encompasses documents and/or information which are protected by the executive, the deliberative process, work-product or any other applicable privileges, or which constitute material prepared for litigation purposes.

3. DA Vance also objects to any interrogatory that is not limited in time.

4. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

5. DA Vance objects in the entirety to any request for information or production from entities not represented by the New York County District Attorney's Office.

6. DA Vance objects to the extent that these Interrogatories seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.

7. DA Vance is continuing to search for information responsive to plaintiffs' requests and therefore reserves the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the Retailers.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

DA Vance objects to Interrogatory No. 1 on the grounds that it is vague, ambiguous, and overbroad. Notwithstanding, and without waiving, or in any way limiting these objections or the General Objections, DA Vance states, upon information and belief,

that the Retailers included in the June 2010 investigation include: Ace Hardware (two locations); Aquarius Hardware and Houseware; Beauty Supply; Beretta; Blade HQ.com; BLT Supplies; Broadway Hardware; Church Street Surplus; Citywide Locksmith & Hardware; Dave's Army and Navy; Eastern Mountain Sports; Galaxy Army & Navy; Hammacher Schlemmer; Hardware Store; Home Depot (two locations); John Jovino Gun Shop; Kmart; M.A.S.H. Army & Navy; Mastersmiths; Mike's Smoke Shop; Modell's (three locations); Native Leather; Orvis; Paragon Sporting Goods; Rainbow YCS (Ace); Tents and Trails; Sports Authority (two locations); MicroTech; Three Little Indians Custom Knives; Uncle Sam's; United Hardware; University Hardware; Wild Village Gifts; Unnamed Store at 38 W. 8th Street; Unnamed Store at 46 West 8th Street; and Weinstein & Holtzman. DA Vance objects to the release of the identity of one of the "retailers" as a law enforcement investigation is being conducted at the location.

### INTERROGATORY NO. 2:

Identify the "14 ... stores referenced in the June 6 Press Release's statement that "[t]he Office purchased 43 illegal knives from 14 of the 41 stores."

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

DA Vance objects to Interrogatory No. 2 on the grounds that that it is vague, ambiguous, and overbroad unduly burdensome insofar as it is not likely to lead to the discovery of admissible information. Notwithstanding, and without waiving, or in any way limiting these objections or the General Objections, DA Vance states, upon information and belief, that the stores referenced in the June 2010 Press Release include: Ace Hardware; BladeHQ.com; Beretta; Citywide Locksmith & Hardware; Eastern Mountain Sports; Home Depot; Mastersmiths; Native Leather; Orvis; MicroTech; Paragon Sporting Goods; Three

Little Indians; and Weinstein & Holtzman. DA Vance objects to the release of the identity of one of the "stores," as a law enforcement investigation is being conducted at the location.

### INTERROGATORY NO. 3:

Identify all persons who entered into deferred prosecution agreements in consequence of the Investigation, such as, but not limited to the seven "sellers" that that "enter[ed] into deferred prosecution agreements" referenced in the June 6 Press Release.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

DA Vance objects to Interrogatory No. 3 on the grounds it is vague, ambiguous, and overbroad. Moreover, it seeks information beyond the scope of Local Civil Rule 33.3, insofar as it calls for information other than the identities of witnesses with knowledge or information relevant to this case. Notwithstanding, and without waiving, or in any way limiting these objections or the General Objections, DA Vance states, upon information and belief, that the retailers who entered into Deferred Prosecution Agreements include: ACE Hardware; Beretta; Citywide Locksmith & Hardware; Eastern Mountain Sports; Home Depot; Native Leather; Orvis; and Paragon Sporting Goods.

### INTERROGATORY NO. 4:

Identify all individuals who took part in the Investigation.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

DA Vance objects to Interrogatory No. 4 on the grounds that it is vague, ambiguous, and overbroad. Notwithstanding, and without waiving, or in any way limiting these objections or the General Objections, DA Vance states, upon information and belief, the principal Assistant District Attorneys who took part "in the investigation" were Assistant

District Attorneys Daniel Rather and Michael Kitsis, former Assistant District Attorney Hillary Rosenberg, former Investigators Erika Figueroa and Alejandro Arenas and Undercover Investigators ("UC") #s 189 and 113.

## INTERROGATORY NO. 5:

Identify all individuals whose testimony you may rely upon to establish that it is not vague to apply the State law that prohibits gravity knives to folding knives that resist opening from the closed position.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

DA Vance objects to this interrogatory as overly broad, premature, and seeks information beyond the scope of Local Civil Rule 33.3. DA Vance further objects to this interrogatory as seeking support for an assertion that DA Vance has not made. If and when the interrogatory accurately articulates the DA Vance's position with respect to gravity knives, DA Vance will respond.

## INTERROGATORY NO. 6:

Identify all individuals whose testimony you may rely upon to establish that it is not vague to apply the State law that prohibits switchblade knives to folding knives that resist opening from the closed position.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:

DA Vance objects to this interrogatory as overly broad, premature, and seeks information beyond the scope of Local Civil Rule 33.3. DA Vance further objects to this interrogatory as seeking support for an assertion that DA Vance has not made. If and when

the interrogatory accurately articulates the DA Vance's position with respect to switchblade knives, DA Vance will respond.

### INTERROGATORY NO. 7:

Identify all documents that concern standards for enforcing the gravity knife law, including standards that have been revised or eliminated, or replaced.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:

DA Vance objects to Interrogatory No. 7 on the grounds that the grounds that it is vague, ambiguous, and overbroad. DA Vance further objects to this interrogatory as it seeks information beyond the scope of Local Civil Rule 33.3, insofar as it calls for information other than the identities of witnesses with knowledge or information relevant to this case and to the extent that it seeks privileged information and materials. Subject to these objections and without waiving, or in any way limiting the General Objections, plaintiffs are referred to the following: New York Penal Law (N.Y.P.L.) §§265.01(1) and 265.00(5); the judicial decisions cited to in DA Vance's Motion to Dismiss and Reply memorandums, filed pursuant to 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure; and to DA Vance's Response to Plaintiff's First Request for Production at BATES stamp # 109, 109A, 110 and 110A.

### INTERROGATORY NO. 8

Identify all documents that concern standards for enforcing the switchblade knife law, including standards that have been revised, or eliminated, or replaced.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

DA Vance objects to Interrogatory No. 8 on the grounds that the grounds that it is vague, ambiguous, and overbroad. DA Vance further objects to this interrogatory as it seeks information beyond the scope of Local Civil Rule 33.3, insofar as it calls for information other than the identities of witnesses with knowledge or information relevant to this case and to the extent that it seeks privileged information and materials. Subject to these objections and without waiving, or in any way limiting the General Objections, plaintiffs are referred to the following: N.Y.P.L. §§265.01(1) and 265.00(4); the judicial decisions cited to in DA Vance's Motion to Dismiss and Reply memorandums filed pursuant to 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, and to DA Vance's Response to Plaintiff's First Request for Production at BATES stamp # 109, 109A, 110 and 110A.

Respectfully Submitted,

CYRUS R. VANCE, JR.
District Attorney
New York County

BY: *[signature]*

Patricia J. Bailey (PB-3362)
Eva Marie Dowdell (ED-0925)
Assistant District Attorneys
Of Counsel