USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-7-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNIFE RIGHTS, INC. et al.,

                    Plaintiffs,

      - against -

CYRUS VANCE, JR., *in his official capacity as the New York Country District Attorney*, **et al.**,

                    Defendants.

**OPINION AND ORDER**

11 Civ. 3918 (BSJ) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Knife Rights, Inc., John Copeland, and Pedro Perez (collectively "Knife Rights") brought this action against Defendants Cyrus Vance, Jr. and The City of New York ("Vance") pursuant to the Due Process Clause of the Fourteenth Amendment, arguing that a New York State statute outlawing certain gravity knives violates the United States Constitution for vagueness. On May 23, 2011, Knife Rights filed a motion for leave to file an amended complaint to include two additional parties—the Knife Rights Foundation and Native Leather—and to dismiss Attorney General Eric Schneiderman pursuant to Rule 15 of the Federal Rules of Civil Procedure. The City filed a memorandum in opposition on June 15, 2012, which District Attorney Vance adopted. For the reasons which follow, Knife Rights's motion to amend is **GRANTED**.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served, or within twenty days after the pleading is served. Fed. R. Civ. P. 15(a). A party may also amend its pleading with written consent from

the opposing party or by filing a motion for leave to amend with the Court. *Id.* Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995); *Foman v. Davis*, 371 U.S. 178, 182 (1962). It remains, however, within the discretion of the court whether to allow amendment. *Id.; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). Reasons for a proper denial of leave to amend include undue delay, undue prejudice, bad faith, and futility of the amendment. *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998).

**A.     Futility**

In its opposition to Knife Rights' proposal, the City contends that the amendment to the complaint is futile. *See* Def. Opp'n 5. Relying on the Supreme Court's two-pronged test, it maintains that Knife Rights failed to prove that the state law is vague. *Grayned v. City of Rockford*, 408 U.S. 104, 111-113 (1972). The opposition, however, does not claim that Knife Rights failed to state a claim for which relief may be granted, but contends that the facts as alleged by Knife Rights will fail on the merits. The futility of an amendment is determined by whether the amendment could survive a motion to dismiss, construing the amendment in the light most favorable to the plaintiff. *See AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (noting futility is found when "the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact.");*Beth Cline v. 1-888-Plumbing Group, Inc.*, 2000 WL 342689, *2 (S.D.N.Y. March 30, 2000). "The

2

issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Gant v. Wallingford Bd. of Educ.* 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted); *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir. 1996). The City's bald assertion alone that Knife Rights's claims will ultimately fail does not prevent Knife Rights from amending its pleading to raise triable issues of fact that support its claim.

### B. Undue Delay and Undue Prejudice

A mere delay is not a basis for denying a motion to amend, absent a showing of bad faith or undue prejudice to the nonmoving party. *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993); *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987); *Hazeldine v. Beverage Media, Ltd.*, 954 F.Supp. 697, 710 (S.D.N.Y. 1997). "Although an amendment to the Complaint will more than likely subject a defendant to some additional burden, courts have held that such a burden does not constitute impermissible prejudice." *See, Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989); *International Bank v. Price Waterhouse and Co.*, 85 F.R.D. 140, 142 (1980); *Tomlinson v. St. Paul Reinsurance Management Corp.*, 1998 WL 65996, at *4 (S.D.N.Y. February 17, 1998). In determining what constitutes prejudice, the Court considers whether the assertion of the new claim would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Duncan v. College of New Rochelle*, 174 F.R.D. 48, 49 (S.D.N.Y. 1997).

The City makes no claim of bad faith, and nothing in the record suggests bad faith. The City does, however, assert prejudice. The City asserts that it will be prejudiced because the proximity of the amendment to the closing of discovery will not give it sufficient time to assert discovery demands and prepare for trial. These arguments have little merit. The City has already deposed Knife Rights Foundation. Further, although they have not deposed Native Leather's owner, Carol Walsh, Knife Rights informed the City of its intent to include Native Leather as a plaintiff one month prior to the end of discovery, giving Defendants ample time to prepare. In any case, the court may grant additional time if needed. The City will thus suffer no undue prejudice or undue delay by the amendment of the complaint.

### III. CONCLUSION

Based on the foregoing, Knife Rights's motion for leave to file an Amended Complaint is **GRANTED**.

**SO ORDERED this 7th day of September 2012**
**New York, New York**

*/s/ Ronald Ellis*
_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**