Exhibit A

## DEFERRED PROSECUTION AGREEMENT

Native Leather, Ltd. ("Native Leather"), by its undersigned attorney, and the Office of the District Attorney of New York County (the "District Attorney") enter into this Agreement (the "Agreement"). Except as specifically provided below, the Agreement shall be in effect for a period of 18 months from the date it is fully signed and executed.

1. Native Leather agrees that it shall in all respects comply with its obligations in this Agreement.

2. Native Leather accepts and agrees to the following:

    (a) the New York State Penal Law, Article 265, makes criminal the knowing possession of certain types of weapons ("*per se* weapons"), including switchblade knives and gravity knives ("prohibited knives");

    (b) from on or about May 1, 2006 to on or about May 10, 2010, at its store in the County and State of New York, located at 203 Bleecker Street, New York, New York, employees of Native Leather, while acting within the scope of their employment and on behalf of Native Leather, sold numerous knives that the District Attorney has established to be prohibited knives;

    (c) from on or about May 1, 2006 to on or about May 10, 2010, through orders delivered by mail or common carrier into the State of New York, employees of Native Leather, while acting within the scope of their employment and on behalf of Native Leather, sold numerous knives that the District Attorney has established to be prohibited knives;

000163

(d) from on or about May 1, 2006 to on or about May 10, 2010 Native Leather's Manhattan store possessed an inventory of knives that the District Attorney has established to be prohibited knives; and

(e) each incident of the conduct described above is chargeable as a violation of Penal Law Sections 265.01(1), a class A misdemeanor.

3. As a result of Native Leather's conduct, as set forth in paragraph 2, above, the District Attorney has determined that it could institute a criminal prosecution against Native Leather pursuant to New York State Penal Law Section 265.01(1).

4. Native Leather has expressed to the District Attorney, and does express through this Agreement, its commitment to improving the safety of New York City neighborhoods and seeking to prevent violent crime associated with prohibited knives. To this end, Native Leather voluntarily agrees to:

(a) Permanently cease and desist from selling within the State of New York and through internet or telephone sales shipping to the State of New York any and all weapons prohibited by the New York State Penal Law, including prohibited knives.

(b) Take immediate steps to develop written procedures, programs and training to ensure that *per se* weapons will not be sold, delivered, possessed, or shipped to, from, or within the State of New York (the "Compliance Program").

(c) Deliver, no later than 60 days from the date of this Agreement, copies of the Compliance Program. Native Leather agrees that the Compliance Program may be made available to the public.

000164

(d) Disgorge all profits[1] from the sale of prohibited knives from May 1, 2006 through May 10, 2010. As a material part of this Agreement, Native Leather represents that the amount of such profits during the specified period was $3,945.35. Native Leather will turn over one half of the profits ($1,972.68) on or before July 8, 2010 and will turn over the balance of the profits ($1,972.67) on or before August 8, 2010.

(e) Immediately return the amount of $53.10, payable to "New York County District Attorney's Office," which amount represents the cost to the District Attorney of the undercover purchase of prohibited knives from Native Leather.

(f) Consent to the selection of an independent monitor, to be chosen by the District Attorney no later than 60 days after the date of this agreement (the "Monitor"). Native Leather agrees to the following with respect to the Monitor:

  i. The Monitor shall have the right to inspect, during regular business hours but without prior notice, (a) the inventory of knives held within the State of New York by Native Leather, and (b) the books and records of Native Leather related to the purchase and sale of knives.

  ii. The Monitor will not be particular to Native Leather, but shall inspect all parties subject to agreements with the District Attorney related to prohibited knives.

---

[1] For purposes of this Agreement, "profits" shall be defined as the difference between the retail price and the wholesale cost of all prohibited knives sold in the specified time period.

000165

3

    iii. The Monitor shall be an independent person or entity, but shall report to the District Attorney.

    iv. The Monitor shall report in writing to the District Attorney every six months for a period of 18 months, with the first report due on December 15, 2010. The Monitor's reports shall be made available to the public.

    v. The Monitor shall perform its duties free of charge, but Native Leather agrees to reimburse the Monitor for any and all reasonable out of pocket expenses incurred in carrying out its duties pursuant to this agreement with respect to Native Leather.

    vi. Any disputes relating to the Monitor shall be presented to the District Attorney or its designee to resolve. Native Leather agrees that the District Attorney's determination shall be final.

    vii. Native Leather waives any right to take legal action against the Monitor (including its officers, employees and agents) for any claims whatsoever, with the sole exception of intentional misconduct.

(g) Continue to cooperate with the District Attorney in any ongoing or future investigations relating to *per se* weapons during the period of this Agreement.

5.     In consideration of Native Leather's willingness to acknowledge and take responsibility for the past actions of its employees, and in light of the remedial actions set forth in the preceding paragraph, the District Attorney agrees:

000166

(a) To defer any prosecution of Native Leather for any of the acts listed in paragraph 2, above, for a period of 18 months from the date this Agreement is fully signed.

(b) If Native Leather is in full compliance with all of its obligations under this Agreement for a period of 18 months, not to file charges against Native Leather for the acts described in paragraph 2, above, after which this Agreement shall expire and be of no further force or effect, with the exception of Native Leather's agreement in paragraph 4(a), above, to permanently cease and desist from selling the weapons described in that paragraph.

6. Native Leather expressly agrees that any sale of a *per se* weapon by any of Native Leather's stores in the State of New York, or through internet, telephone, or mail orders to, from, or within the State of New York, during the term of this Agreement, shall constitute a material breach of this Agreement. In case of such breach, Native Leather shall be subject to prosecution for any such crimes of which the District Attorney has knowledge, and the District Attorney shall be permitted to file any and all criminal charges that the District Attorney could otherwise have filed against Native Leather, including those reflecting the conduct described within this Agreement. Native Leather stipulates and agrees that the factual acknowledgments set forth in paragraph 2, as well as this entire Agreement, shall be admissible in any trial or proceeding brought against Native Leather after a breach of this Agreement.

7. Native Leather agrees that it shall not, through its attorneys, board of directors, agents, officers, or employees, make any public statement contradicting or

000167

excusing any statement of fact contained in this Agreement. Any such statements shall constitute a material breach of this Agreement, and Native Leather would be subject to prosecution pursuant to the terms of this Agreement. The decision about whether any public statement by any such person contradicting, excusing, or justifying a fact contained in this Agreement will be imputed to Native Leather, for the purpose of determining whether Native Leather has breached this Agreement, shall be in the sole discretion of the District Attorney. Upon notification to Native Leather of any such statement by any such person that in whole or in part contradicts, excuses, or justifies a statement of fact contained in this Agreement, Native Leather may avoid breach of this Agreement by publicly repudiating such statement within 72 hours of notification by the District Attorney.

8. Should the District Attorney determine that Native Leather has committed a material breach of any provision of this Agreement, with the exception of the circumstance described in paragraph 7, above, the District Attorney shall provide written notice to Native Leather of the alleged breach and allow Native Leather a two-week period from the date of its receipt of such notice, or longer at the discretion of the District Attorney, to cure the breach by making a presentation to the District Attorney that demonstrates that no breach has occurred, or, to the extent applicable, that the breach was not willful or material, or has been cured. The parties expressly understand and agree that, should Native Leather fail to make the above-noted presentation within such time period, it shall be presumed that Native Leather is in material breach of this Agreement. The parties further understand and agree that the exercise of discretion by the District Attorney under this paragraph is not subject to review in any court or tribunal. In the

event of a breach of this Agreement that results in a prosecution, such prosecution may be premised upon any information provided by or on behalf of Native Leather to the District Attorney at any time, unless otherwise agreed when the information was provided.

9. Native Leather agrees that any prosecutions following a breach of this Agreement for acts that are not time-barred by the applicable statute of limitations as of the date of this Agreement may be commenced against Native Leather in accordance with this Agreement, notwithstanding the expiration of such statute of limitations between the signing of this Agreement and the expiration of this Agreement. Likewise, in the event of a breach of this Agreement, Native Leather agrees to waive the speedy trial provisions of Article 30 of the Criminal Procedure Law of New York State. The waivers in this paragraph are made knowingly, voluntarily, and in express reliance on the advice of Native Leather's counsel.

10. This Agreement is binding only on Native Leather and the District Attorney, and specifically does not bind any federal agencies or other state or local authorities. The District Attorney will bring the cooperation of Native Leather and its compliance with its other obligations under this Agreement to the attention of federal, state, or local prosecuting offices or regulatory agencies, if requested by Native Leather or its attorneys.

11. Native Leather and the District Attorney agree that this Agreement shall be disclosed to the public.

12. This Agreement is predicated on Native Leather's representation that it has (a) cooperated with, (b) provided all items requested by, and (c) made truthful representations to the District Attorney.

000169

13. This Agreement sets forth all the terms between Native Leather and the District Attorney. No promises, agreements, or conditions have been entered into other than those expressly set forth in this Agreement, and none shall be entered into or bind the parties unless expressly set forth in writing, signed by the District Attorney, Native Leather's attorneys, and a duly authorized representative of Native Leather. This Agreement supersedes any prior promises, agreements, or conditions between Native Leather and the District Attorney. Native Leather represents, and the District Attorney expressly relies on such representation, that it has the full legal right, power and authority to enter into and perform all of its obligations under this Agreement.

000170

AGREED AND ACCEPTED:

CYRUS R. VANCE, JR.
DISTRICT ATTORNEY

By: *[signature]*
Karen Friedman-Agnifilo
Executive Assistant District Attorney

Approved: *[signature]*
Daniel R. Alonso
Chief Assistant District Attorney

6/15/10

000171

*Acknowledgment*

I, __CAROL WALSH__ the duly authorized representative of Native Leather Ltd., hereby expressly acknowledge the following: (1) that I have read this entire Agreement; (2) that I have had an opportunity to discuss this Agreement fully and freely with Native Leather Ltd.; (3) that Native Leather Ltd. fully and completely understands each and every one of its terms; (4) that Native Leather Ltd. is fully satisfied with the advice and representation provided to it by its attorney; and (5) that Native Leather Ltd. has signed this Agreement voluntarily.

AGREED AND ACCEPTED:

NATIVE LEATHER LTD.

___6/15/10___                                              ___[signature]___
DATE

000172

10

*Counsel for Native Leather Ltd.*

I, Edward Donlon, Esquire, the attorney for Native Leather Ltd., hereby expressly acknowledge the following: (1) that I have discussed this Agreement with our client; (2) that I have fully explained each one of its terms to our client; (3) that I have fully answered each and every question put to us by our client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

_____6/15/10_____         _____[signature]_____
DATE                                          [Attorney]

000173