S. REP. 85-1980                                                                                                                        Page 2
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910 (Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

SWITCHBLADE KNIVES WITHIN STATES WHICH FREELY PERMIT THEIR USE. NOR WOULD THE BILL INTERFERE WITH SWITCHBLADE CONTROL MEASURES IN THOSE STATES WHERE THEIR USE IS SUBJECT TO STATEWIDE OR LOCAL REGULATION.

IT IS ALSO IMPORTANT TO ADD THAT THE BILL'S EXEMPTION RELATING TO THE ARMED FORCES IS NOT INTENDED TO SANCTION SURPLUS SALES OF SWITCHBLADE KNIVES TO THE PUBLIC.

### III. NEED FOR AND BACKGROUND OF THE LEGISLATION

THE PROBLEM OF THE USE OF SWITCHBLADE AND OTHER QUICK-OPENING KNIVES FOR CRIMINAL PURPOSES HAS BECOME ACUTE DURING RECENT YEARS-- PARTICULARLY BY JUVENILE DELINQUENTS IN LARGE URBAN AREAS. DURING THE PRESENT CONGRESS A SPECIAL STUDY OF JUVENILE DELINQUENCY WAS MADE BY A SUBCOMMITTEE OF THE COMMITTEE ON THE JUDICIARY OF THE SENATE. IN ITS REPORT (S. REPT. NO. 1429, 85TH CONG., 2D SESS.) THE SUBCOMMITTEE POINTED UP THE SWITCHBLADE MENACE AS FOLLOWS:

THE SUBCOMMITTEE'S INVESTIGATION DISCLOSED THAT MANY OF THESE KNIVES WERE MANUFACTURED ABROAD AND DISTRIBUTED BY FIRMS IN THIS COUNTRY WHO HANDLE NUMEROUS ITEMS IN ADDITION TO SWITCHBLADE KNIVES.

IT WAS ESTABLISHED THAT THESE ITEMS WERE BEING WIDELY DISTRIBUTED THROUGH THE MAIL BY DISTRIBUTORS TO THE VARIOUS STATES THAT HAD LOCAL LAWS PROHIBITING POSSESSION, SALE, OR DISTRIBUTION OF SWITCHBLADE KNIVES. THIS FACT, THE SUBCOMMITTEE FEELS, POINTS OUT THE NEED FOR FEDERAL CONTROL OF THE INTERSTATE SHIPMENT OF THESE INSTRUMENTS, SINCE LOCAL LEGISLATION IS BEING SYSTEMATICALLY CIRCUMVENTED THROUGH THE MAIL-ORDER DEVICE.

IN THE UNITED STATES 2 MANUFACTURERS HAVE A COMBINED PRODUCTION OF OVER 1 MILLION SWITCHBLADE KNIVES A YEAR. BOTH CONCERNS ARE IMPORTANT CUTLERY MANUFACTURERS AND THE MANUFACTURE OF SWITCHBLADE *3437 KNIVES REPRESENTS ONLY A SMALL PART OF THEIR BUSINESS. IT IS ESTIMATED THAT THE TOTAL TRAFFIC IN THIS COUNTRY IN SWITCHBLADE KNIVES EXCEEDS 1,200,000 PER YEAR.

THE QUESTIONNAIRES RETURNED BY POLICE CHIEFS THROUGHOUT THE COUNTRY INDICATE THAT MANY SWITCHBLADE KNIVES HAVE BEEN CONFISCATED FROM JUVENILES. THE POLICE CHIEFS, ALMOST WITHOUT EXCEPTION, INDICATE THAT THESE VICIOUS WEAPONS ARE ON MANY OCCASIONS THE INSTRUMENT USED BY JUVENILES IN THE COMMISSION OF ROBBERIES AND ASSAULTS. OF THE ROBBERIES COMMITTED IN 1956, 43.2 PERCENT WERE BY PERSONS UNDER 21 YEARS OF AGE. A SWITCHBLADE KNIFE IS FREQUENTLY PART OF THE PERPETRATOR'S EQUIPMENT IN THIS TYPE OF CRIME. IN NEW YORK CITY ALONE IN 1956, THERE WAS AN INCREASE OF 92.1 PERCENT OF THOSE UNDER 16 ARRESTED FOR THE POSSESSION OF DANGEROUS WEAPONS, ONE OF THE MOST COMMON OF WHICH IS THE SWITCHBLADE KNIFE.

AS A RESULT OF THIS STUDY, A BILL (S. 2558) TO PROHIBIT THE MANUFACTURE FOR, OR DISTRIBUTION IN, INTERSTATE COMMERCE OF SWITCHBLADE KNIVES WAS INTRODUCED BY SENATOR KEFAUVER AND REFERRED TO YOUR COMMITTEE. THE PRESENT MEASURE, WHICH WAS PASSED BY THE HOUSE OF REPRESENTATIVES ON JUNE 27, 1958, IS SIMILAR TO THE SENATE BILL BUT, UNLIKE THE LATTER, IS NOT AIMED SPECIFICALLY AT SALES TO JUVENILES.

HEARINGS ON THE BILL WERE HELD BY YOUR COMMITTEE ON JULY 23, 1958, WITH WITNESSES REPRESENTING NEW YORK STATE GROUPS CONCERNED WITH JUVENILE DELINQUENCY AND LAW ENFORCEMENT PROBLEMS. A REPRESENTATIVE OF A NEW YORK CUTLERY FIRM ALSO

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00114

S. REP. 85-1980 Page 3
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

APPEARED IN SUPPORT OF THE BILL. TESTIMONY RECEIVED INDICATED THAT 12 STATES, INCLUDING NEW YORK, HAVE ALREADY ENACTED LEGISLATION TO PROHIBIT THE MANUFACTURE, SALE, OR POSSESSION OF SWITCHBLADE AND SIMILAR KNIVES. IT WAS STRESSED, HOWEVER, THAT SO LONG AS THE INTERSTATE CHANNELS OF DISTRIBUTION REMAIN OPEN THE PROBLEM OF ENFORCING THE STATE LAWS WILL BE EXTREMELY DIFFICULT.

IN SUPPORTING ENACTMENT OF THIS MEASURE, HOWEVER, YOUR COMMITTEE CONSIDERS THAT THE PURPOSE TO BE ACHIEVED GOES BEYOND MERELY AIDING STATES IN LOCAL LAW ENFORCEMENT. THE SWITCHBLADE KNIFE IS, BY DESIGN AND USE, ALMOST EXCLUSIVELY THE WEAPON OF THE THUG AND THE DELINQUENT. SUCH KNIVES ARE NOT PARTICULARLY ADAPTED TO THE REQUIREMENTS OF THE HUNTER OR FISHERMAN, AND SPORTSMEN GENERALLY DO NOT EMPLOY THEM. IT WAS TESTIFIED THAT, PRACTICALLY SPEAKING, THERE IS NO LEGITIMATE USE FOR THE SWITCHBLADE TO WHICH A CONVENTIONAL SHEATH OR JACK-KNIFE IS NOT BETTER SUITED. THIS BEING THE BASE, YOUR COMMITTEE BELIEVES THAT IT IS IN THE NATIONAL INTEREST THAT THESE ARTICLES BE BANNED FROM INTERSTATE COMMERCE.

### IV. REPORTS OF GOVERNMENT AGENCIES

THE REPORTS ON THIS LEGISLATION BY GOVERNMENT AGENCIES TO THE HOUSE COMMITTEE ARE SET FORTH IN THE APPENDIX OF THIS REPORT.

THE DEPARTMENT OF JUSTICE DID NOT RECOMMEND ENACTMENT OF THIS LEGISLATION. THE SECRETARY OF COMMERCE RECOMMENDED AGAINST ENACTMENT OF THIS LEGISLATION. THE BUREAU OF THE BUDGET SHARED THE VIEWS OF THE DEPARTMENT OF JUSTICE AND THE DEPARTMENT OF COMMERCE BUT HAD NO OBJECTION TO THE ENACTMENT OF THOSE PROVISIONS OF THE BILL DEALING WITH THE MAILABILITY OF SUCH KNIVES. THE SECRETARY OF THE ARMY, SPEAKING FOR THE DEPARTMENT OF DEFENSE, HAD NO OBJECTION TO THE ENACTMENT OF THE LEGISLATION *3438 WITH THE INCLUDED AMENDMENT TO EXEMPT FROM THE PROHIBITIONS CONTAINED THEREIN THE MANUFACTURE, SALE, POSSESSION, TRANSPORTATION, DISTRIBUTION, OR INTRODUCTION INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES BY THE ARMED FORCES OR MEMBERS AND EMPLOYEES THEREOF, ACTING ON THE PERFORMANCE OF THEIR DUTIES. THE POST OFFICE DEPARTMENT RECOMMENDED ENACTMENT OF THE LEGISLATION WITH RESPECT TO THE MAILABILITY OF SWITCHBLADE KNIVES IF AN APPROPRIATE AMENDMENT WERE MADE GIVING THE POSTMASTER GENERAL THE RIGHT TO REQUEST AN EXPLANATION FROM THE SENDER, IN WRITING, THAT THE LAW IS BEING COMPLIED WITH. SUCH AN AMENDMENT WAS ADOPTED BY THE HOUSE COMMITTEE AND IS INCLUDED IN THE PRESENT MEASURE.

THE APPENDIX ALSO INCLUDES COPIES OF REPORTS TO YOUR COMMITTEE FROM THE INTERSTATE COMMERCE COMMISSION AND THE CIVIL AERONAUTICS BOARD.

### APPENDIX

UNITED STATES DEPARTMENT OF JUSTICE,

OFFICE OF THE DEPUTY ATTORNEY GENERAL,

WASHINGTON, D.C., MAY 20, 1957.
HON. OREN HARRIS,
CHAIRMAN COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00115

S. REP. 85-1980                                                                                                                          Page 4
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.
DEAR MR. CHAIRMAN: THIS IS IN RESPONSE TO YOUR REQUEST FOR THE VIEWS OF THE DEPARTMENT OF JUSTICE CONCERNING THE BILL (H.R. 7258) TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES.
ON APRIL 12, 1957, THE DEPARTMENT OF JUSTICE REPORTED TO THE COMMITTEE ON TWO SIMILAR BILLS, H.R. 2849 AND H.R. 4013. THE VIEWS EXPRESSED IN THAT REPORT, COPIES OF WHICH ARE ENCLOSED, ARE EQUALLY APPLICABLE TO THE BILL NOW UNDER CONSIDERATION.
THE BUREAU OF THE BUDGET HAS ADVISED THAT THERE IS NO OBJECTION TO THE SUBMISSION OF THIS REPORT.
SINCERELY,

   WILLIAM P. ROGERS,

   DEPUTY ATTORNEY GENERAL.

   APRIL 12, 1957.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.
DEAR MR. CHAIRMAN: THIS IS IN RESPONSE TO YOUR REQUEST FOR THE VIEWS OF THE DEPARTMENT OF JUSTICE RELATIVE TO THE BILL (H.R. 2849 AND H.R. 4013) TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF **SWITCHBLADE** KNIVES, AND FOR OTHER PURPOSES.
THE BILLS WOULD PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE, OR THE TRANSPORTATION OR DISTRIBUTION IN INTERSTATE COMMERCE, OF **SWITCHBLADE** KNIVES. THEY WOULD ALSO PROHIBIT THE MANUFACTURE, SALE, OR POSSESSION OF **SWITCHBLADE** KNIVES WITHIN INDIAN COUNTRY AS DEFINED IN SECTION 1151 OF TITLE 18 OF THE U.S.C. OR WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES AS DEFINED IN SECTION 7 OF TITLE 18. VIOLATORS WOULD BE SUBJECT TO A MAXIMUM FINE OF $2,000 AND/OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS. SECTION 4 OF H.R. 2849 WOULD EXEMPT FROM ITS APPLICATION COMMON CARRIERS, CONTRACT CARRIERS, AND FREIGHT FORWARDERS WITH RESPECT TO ANY SWITCHBLADE *3439 KNIFE SHIPPED, TRANSPORTED, OR DELIVERED FOR SHIPMENT IN INTERSTATE COMMERCE IN THE ORDINARY COURSE OF BUSINESS. SECTION 4 OF H.R. 4013 WOULD PROVIDE A SIMILAR EXEMPTION, PLUS TWO OTHERS. IT WOULD EXEMPT THE MANUFACTURE, SALE, TRANSPORTATION, DISTRIBUTION, POSSESSION, OR INTRODUCTION OF SWITCHBLADE KNIVES INTO INTERSTATE COMMERCE PURSUANT TO CONTRACT WITH THE ARMED FORCES. ALSO, IT WOULD EXEMPT THE POSSESSION OF SWITCHBLADE KNIVES BY MEMBERS OF THE ARMED FORCES TO WHOM SUCH KNIVES WERE ISSUED BY THE FEDERAL GOVERNMENT.
THE DEPARTMENT OF JUSTICE IS UNABLE TO RECOMMEND ENACTMENT OF THIS LEGISLATION.
THE COMMITTEE MAY WISH TO CONSIDER WHETHER THE PROBLEM TO WHICH THIS LEGISLATION IS ADDRESSED IS ONE PROPERLY WITHIN THE POLICE POWERS OF THE VARIOUS STATES. AS YOU KNOW, FEDERAL LAW NOW PROHIBITS THE INTERSTATE TRANSPORTATION OF CER-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910 (Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

TAIN INHERENTLY DANGEROUS ARTICLES SUCH AS DYNAMITE AND NITROGLYCERIN ON CARRIERS ALSO TRANSPORTING PASSENGERS. THE INSTANT MEASURES WOULD EXTEND THE DOCTRINE UPON WHICH SUCH PROHIBITIONS ARE BASED BY PROHIBITING THE TRANSPORTATION OF A SINGLE ITEM WHICH IS NOT INHERENTLY DANGEROUS BUT REQUIRES THE INTRODUCTION OF A WRONGFUL HUMAN ELEMENT TO MAKE IT SO.

SWITCHBLADE KNIVES IN THE HANDS OF CRIMINALS ARE, OF COURSE, POTENTIALLY DANGEROUS WEAPONS. HOWEVER, SINCE THEY SERVE USEFUL AND EVEN ESSENTIAL, PURPOSES IN THE HANDS OF PERSONS SUCH AS SPORTSMEN, SHIPPING CLERKS, AND OTHERS ENGAGED IN LAWFUL PURSUITS, THE COMMITTEE MAY DEEM IT PREFERABLE THAT THEY BE REGULATED AT THE STATE RATHER THAN THE FEDERAL LEVEL.

THE BUREAU OF THE BUDGET HAS ADVISED THAT THERE IS NO OBJECTION TO THE SUBMISSION OF THIS REPORT.

SINCERELY,

    WILLIAM P. ROGERS,

    DEPUTY ATTORNEY GENERAL.

    THE SECRETARY OF COMMERCE,

    WASHINGTON, D.C., JUNE 25, 1957.

HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.

DEAR MR. CHAIRMAN: THIS LETTER IS IN REPLY TO YOUR REQUEST DATED MAY 8, 1957, FOR THE VIEWS OF THIS DEPARTMENT WITH RESPECT TO H.R. 7258, A BILL TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES.

H.R. 7258 WOULD PROHIBIT AND PRESCRIBE PENALTIES FOR THE MANUFACTURE, SALE, OR POSSESSION OF SWITCHBLADE KNIVES, AND THEIR MAILING OR THEIR INTRODUCTION INTO INTERSTATE COMMERCE. EXEMPTIONS FROM THESE PROHIBITIONS WOULD INCLUDE SUPPLY OR PROCUREMENT OFFICERS AND EMPLOYEES OF THE FEDERAL GOVERNMENT, OF THE MUNICIPAL GOVERNMENT OF THE DISTRICT OF COLUMBIA, OF THE GOVERNMENT OF ANY STATE, TERRITORY, COUNTY, CITY, OR OTHER SUBDIVISION OF A STATE OR TERRITORY; SUPPLY AND PROCUREMENT OFFICERS (BUT NOT THE MEMBERS, IT APPEARS) OF THE NATIONAL GUARD, THE MILITIA OF A STATE, TERRITORY, OR THE DISTRICT OF COLUMBIA, WHEN ANY OF THESE PERSONS ARE ACTING IN CONNECTION WITH THE ACTIVITIES OF SUCH GOVERNMENTS AND ORGANIZATIONS. THE DEPARTMENT OF COMMERCE DOES NOT RECOMMEND ENACTMENT OF H.R. 7258.

WHILE THIS PROPOSED LEGISLATION RECOGNIZES THAT THERE ARE LEGITIMATE USES THAT HAVE NEED FOR SWITCHBLADE KNIVES, THE EXEMPTIONS WOULD APPEAR TO ASSUME THAT THE MOST SIGNIFICANT OF THOSE USES LIE IN GOVERNMENT ACTIVITIES. TO US, THIS IGNORES THE NEEDS OF THOSE WHO DERIVE AND AUGMENT THEIR LIVELIHOOD FROM THE 'OUTDOOR' PURSUITS OF HUNTING, FISHING, TRAPPING, AND OF THE COUNTRY'S SPORTSMEN, AND MANY OTHERS. IN OUR OPINION, THERE ARE SUFFICIENT OF THESE THAT THEIR NEEDS MUST BE CONSIDERED.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

S. REP. 85-1980 Page 6
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

AGAIN, WE FEEL THAT THE PROBLEM OF ENFORCEMENT POSED BY THE MANY EXEMPTIONS WOULD BE HUGE UNDER THE PROPOSED LEGISLATION.

*3440 FOR THESE REASONS, THE DEPARTMENT OF COMMERCE FEELS IT CANNOT SUPPORT ENACTMENT OF H.R. 7258.

WE HAVE BEEN ADVISED BY THE BUREAU OF THE BUDGET THAT THERE WOULD BE NO OBJECTION TO THE SUBMISSION OF THIS REPORT TO YOUR COMMITTEE.

SINCERELY YOURS,

SINCLAIR WEEKS,

SECRETARY OF COMMERCE.

EXECUTIVE OFFICE OF THE PRESIDENT,

BUREAU OF THE BUDGET,

WASHINGTON, D.C., JUNE 13, 1957.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, HOUSE OFFICE BUILDING,
WASHINGTON, D.C.

MY DEAR MR. CHAIRMAN: THIS IS IN REPLY TO YOUR LETTER OF MAY 8, 1957, REQUESTING THE VIEWS OF THE BUREAU OF THE BUDGET ON H.R. 7258, A BILL TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES.

ON APRIL 1, 1957, IN REPORTING TO YOUR COMMITTEE ON TWO SIMILAR BILLS, H.R. 2849 AND H.R. 4013, THE BUREAU OF THE BUDGET POINTED OUT THAT THE DEPARTMENTS OF COMMERCE AND JUSTICE HAD RAISED SERIOUS QUESTIONS AS TO WHETHER THIS PROBLEM IS MORE PROPERLY A SUBJECT FOR THE POLICE POWERS OF THE STATES.

THE BUREAU OF THE BUDGET BELIEVES THAT THESE QUESTIONS ARE EQUALLY APPLICABLE TO H.R. 7258 AND HAS NO FURTHER COMMENT TO OFFER AT THIS TIME.

SINCERELY YOURS,

PERCY RAPPAPORT,

ASSISTANT DIRECTOR.

DEPARTMENT OF THE ARMY,

WASHINGTON, D.C., JULY 16, 1957.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.

DEAR MR. CHAIRMAN: REFERENCE IS MADE TO YOUR REQUEST FOR THE VIEWS OF THE DEPARTMENT OF DEFENSE WITH RESPECT TO H.R. 7258, 85TH CONGRESS, A BILL TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES. THE SECRETARY OF DEFENSE HAS DELEG-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

S. REP. 85-1980 Page 7
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

ATED TO THE DEPARTMENT OF THE ARMY THE RESPONSIBILITY FOR EXPRESSING THE VIEWS OF THE DEPARTMENT OF DEFENSE THEREON.

THE PURPOSE OF THE BILL IS GENERALLY AS STATED IN ITS TITLE.

THE DEPARTMENT OF THE ARMY ON BEHALF OF THE DEPARTMENT OF DEFENSE WOULD INTERPOSE NO OBJECTION TO ENACTMENT OF THE BILL, PROVIDED IT IS AMENDED TO EXEMPT FROM THE PROHIBITIONS CONTAINED THEREIN THE MANUFACTURE, SALE, POSSESSION, TRANSPORTATION OR DISTRIBUTION OF SWITCHBLADE KNIVES BY THE ARMED FORCES OR MEMBERS AND EMPLOYEES THEREOF ACTING IN THE PERFORMANCE OF THEIR DUTIES, THEREBY EXPANDING THE EXEMPTION PERTAINING TO THE ORDERING, PROCURING, OR PURCHASING OF SUCH WEAPONS BY THOSE PERSONS WHICH NOW APPEARS IN SECTION 4(2) OF THE BILL. THIS AMENDMENT COULD BE ACCOMPLISHED BY AMENDING SECTION 4(2) OF THE BILL TO READ AS FOLLOWS: '(2) TO THE ARMED FORCES OR ANY MEMBER OR EMPLOYEES THEREOF ACTING IN THE PERFORMANCE OF HIS DUTY.'

IT IS NOTED ALSO THAT SECTION 4(5) DOES NOT EXTEND THE EXEMPTION TO MANUFACTURERS OF OR BONA FIDE DEALERS IN SWITCHBLADE KNIVES IN CONNECTION WITH SHIPMENTS TO PERSONS DESIGNATED IN SECTION 4(4).

SUBJECT TO THE FOREGOING, THE DEPARTMENT OF THE ARMY ON BEHALF OF THE DEPARTMENT OF DEFENSE HAS NO OBJECTION TO ENACTMENT OF H.R. 7258, 85TH *3441 CONGRESS, WHICH IS SIMILAR TO H.R. 4013, 85TH CONGRESS, ON WHICH THIS DEPARTMENT SUBMITTED A SIMILAR REPORT TO YOUR COMMITTEE ON APRIL 12, 1957.

THE ENACTMENT OF THIS PROPOSAL WOULD RESULT IN NO ADDITIONAL COST TO THE DEPARTMENT OF DEFENSE.

THIS REPORT HAS BEEN COORDINATED WITHIN THE DEPARTMENT OF DEFENSE IN ACCORDANCE WITH PROCEDURES PRESCRIBED BY THE SECRETARY OF DEFENSE.

THE BUREAU OF THE BUDGET ADVISES THAT THERE IS NO OBJECTION TO THE SUBMISSION OF THIS REPORT.

SINCERELY YOURS,

WILBER M. BRUCKER,

SECRETARY OF THE ARMY.

POST OFFICE DEPARTMENT,

OFFICE OF THE GENERAL COUNSEL,

WASHINGTON, D.C., APRIL 16, 1958.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.

DEAR MR. CHAIRMAN: REFERENCE IS MADE TO YOUR REQUEST FOR A REPORT ON H.R. 7258, H.R. 9820, AND H.R. 10618, SIMILAR BILLS TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCH-BLADE KNIVES, AND FOR OTHER PURPOSES.

THE ATTENTION OF THIS DEPARTMENT HAS BEEN DIRECTED TO ADVERTISEMENTS IN NEWSPAPERS AND MAGAZINES WITH RESPECT TO KNIVES, WHICH, ACCORDING TO THE ADVERTISE-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00119

S. REP. 85-1980 Page 8
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

MENTS MAY BE ORDERED FOR TRANSMISSION THROUGH THE MAILS COLLECT-ON-DELIVERY. OBVIOUSLY, WEAPONS ADVERTISED IN THIS MANNER CAN BE PURCHASED BY ANYONE. THE SO-CALLED ARMY SURPLUS STORES, HARDWARE AND OTHER STORES, CARRY SIMILAR WEAPONS. THE QUESTION OF HOW TO PREVENT THEIR REACHING THE WRONG HANDS IS MORE THAN A FEDERAL PROBLEM AND DIFFICULT OF SOLUTION. MANY STATES HAVE LAWS PROHIBITING CONCEALED CARRYING OF KNIVES WITH BLADES OVER DESIGNATED LENGTHS. ALTHOUGH THE MAILING OF FIREARMS IS CONTROLLED BY STATUTE (18 U.S.C. 1715), THE MAILING OF HUNTING KNIVES, SWITCH-BLADE KNIVES, AND OTHER SIMILAR WEAPONS IS NOT SO CONTROLLED. ANY ONE OF THE SUBJECT BILLS WOULD DO MUCH TO CORRECT THIS SITUATION. HOWEVER, IN ORDER TO ELIMINATE CONTROVERSY AS TO THE PROCEDURE TO BE FOLLOWED IN THE ENFORCEMENT OF THIS PROPOSED LAW, IT IS BELIEVED THAT SECTION 5 OF THE BILL SHOULD BE SUPPLEMENTED BY THE ADDITION OF THE FOLLOWING PARAGRAPH: 'THE MAILABILITY OF ANY SUCH KNIFE MAY BE DETERMINED BY THE POSTMASTER GENERAL BY INSPECTION THEREOF AND UPON THE FAILURE OR REFUSAL OF THE SENDER TO EXPLAIN SATISFACTORILY TO THE POSTMASTER GENERAL, IN WRITING, WHY THE POSTAL REGULATIONS PRESCRIBED IN ACCORDANCE WITH THIS ACT WERE NOT COMPLIED WITH.'
THIS DEPARTMENT RECOMMENDS ENACTMENT OF THE LEGISLATION CONTAINED IN SECTION 5 OF THE MEASURES, AMENDED AS SUGGESTED.
IN ADVISING THIS DEPARTMENT WITH RESPECT TO THIS REPORT THE BUREAU OF THE BUDGET CALLED ATTENTION TO THE FACT THAT IT HAD CLEARED THE REPORTS OF THE DEPARTMENTS OF COMMERCE AND JUSTICE WHICH OBJECTED TO THOSE PORTIONS OF THE SUBJECT BILLS WHICH WOULD PROHIBIT THE INTRODUCTION OF SWITCHBLADE KNIVES INTO INTERSTATE COMMERCE.
THE DEPARTMENT OF JUSTICE HAS RAISED THE QUESTION AS TO WHETHER THE AMENDMENT SUGGESTED BY THIS DEPARTMENT WOULD BE BROAD ENOUGH TO AUTHORIZE THE INSPECTION OF FIRST-CLASS MAILS WITHOUT A SEARCH WARRANT. IT IS THE OPINION OF THIS DEPARTMENT THAT THE LANGUAGE WOULD NOT AUTHORIZE SUCH INSPECTION, NOR WAS SUCH PROCEDURE INTENDED.
SINCERELY YOURS,

HERBERT B. WARBURTON,

ACTING GENERAL COUNSEL.

*3442 THE SECRETARY OF COMMERCE,

WASHINGTON, D.C., APRIL 21, 1958.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.
DEAR MR. CHAIRMAN: THIS LETTER IS IN REPLY TO YOUR REQUEST DATED JANUARY 9, 1958, FOR THE VIEWS OF THIS DEPARTMENT WITH RESPECT TO H.R. 9820, AND YOUR REQUEST OF FEBRUARY 13, 1958, WITH RESPECT TO H.R. 10618, IDENTICAL BILLS TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES.
THESE BILLS DIFFER ONLY SLIGHTLY FROM H.R. 7528, WHICH WAS INTRODUCED FOR THE

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00120

S. REP. 85-1980 Page 9
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

SAME GENERAL PURPOSES DURING THE 1ST SESSION OF THE 85TH CONGRESS. IN THE PRESENT BILLS THE DEFINITION INCLUDES KNIVES WHICH OPEN AUTOMATICALLY 'BY OPERATION OF INERTIA, GRAVITY, OR BOTH.' ALSO, THE PRESENT BILLS PRESCRIBE PENALTIES FOR THE MANUFACTURE, SALE, OR PROCESSING OF SWITCHBLADE KNIVES, WHEREAS THE EARLIER BILL DEALT WITH MANUFACTURE, SALE, OR POSSESSION.

THE GENERAL INTENT OF THESE LEGISLATIVE PROPOSALS APPEARS TO BE TO IMPROVE CRIME PREVENTION BY CONTROL OF THE USE OF THE SWITCHBLADE KNIFE AS A WEAPON OF ASSAULT. THIS APPROACH GIVES RISE TO CERTAIN OBJECTIONS. ONE IS THAT, AT BEST, IT IS AN INDIRECT APPROACH WHICH ADDRESSES ITSELF TO ONLY ONE OF MANY IMPLEMENTS USABLE BY AN ASSAILANT. THIS CASTS DOUBT UPON THE RESULTING EFFECTIVENESS IN THE REDUCTION OF CRIME IN RELATION TI ITS ENFORCEMENT PROBLEMS. ANOTHER OBJECTION IS THAT IT COULD LEAD TO THE ELIMINATION OF THE LEGITIMATE SUPPLY OF SWITCHBLADE KNIVES IN THIS COUNTRY. THIS WOULD IGNORE THE LEGITIMATE NEEDS AND USES FOR THESE KNIVES ON THE PART OF THOSE WHO DERIVE AND AUGMENT THEIR LIVELIHOOD FROM 'OUTDOOR' PURSUITS, SUCH AS HUNTING, FISHING, TRAPPING, ETC., AS WELL AS THOSE OF THE COUNTRY'S SPORTSMEN, AND MANY OTHERS. WE FEEL THAT THESE OBJECTIONS ARE VALID.

IN THUS EXPRESSING OUR VIEWS WE DO NOT WISH TO BE CONSTRUED AS TAKING A LIGHT VIEW REGARDING THE WIDESPREAD USE OF THE **SWITCHBLADE** KNIFE AS A DANGEROUS AND LETHAL WEAPON. IN VIEW OF THE APPARENT RELATION BETWEEN THE **SWITCHBLADE** KNIFE AND JUVENILE DELINQUENCY, WE WOULD STRONGLY SUPPORT THE ENACTMENT AND VIGOROUS ENFORCEMENT OF APPROPRIATE LEGISLATION PROHIBITING SALE OF **SWITCHBLADE** KNIVES TO, AND THEIR POSSESSION BY, JUVENILES, TO THE EXTENT SUCH SALE AND POSSESSION CAN BE FOUND TO BE SUBJECT TO FEDERAL JURISDICTION.

NOT BEING CONVINCED THAT H.R. 9820 AND H.R. 10618 WOULD YIELD DESIRABLE RESULTS OUTWEIGHING THEIR UNDESIRABLE ONES, THE DEPARTMENT RECOMMENDS AGAINST ENACTMENT OF THESE BILLS.

WE HAVE BEEN ADVISED BY THE BUREAU OF THE BUDGET THAT THERE WOULD BE NO OBJECTION TO THE SUBMISSION OF THIS REPORT TO YOUR COMMITTEE.

SINCERELY YOURS,

    SINCLAIR WEEKS,

    SECRETARY OF COMMERCE.

    UNITED STATES DEPARTMENT OF JUSTICE,

    OFFICE OF THE DEPUTY ATTORNEY GENERAL,

    WASHINGTON, D.C., MARCH 14, 1958.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.
DEAR MR. CHAIRMAN: THIS IS IN RESPONSE TO YOUR REQUEST FOR THE VIEWS OF THE DEPARTMENT OF JUSTICE RELATIVE TO THE IDENTICAL BILLS (H.R. 9820 AND H.R. 10618) TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COM-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00121

S. REP. 85-1980                                                                                                                    Page 10
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

MERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES.

EXCEPT AS TO SECTION 5 AND EXCEPT FOR TWO OTHER MINOR DIFFERENCES, THESE BILLS ARE IDENTICAL WITH H.R. 2849 AND H.R. 4013 ON WHICH THE DEPARTMENT REPORTED TO THE COMMITTEE ON APRIL 12, 1957. THE VIEWS EXPRESSED *3443 IN THAT REPORT, COPIES OF WHICH ARE ENCLOSED, ARE EQUALLY APPLICABLE TO THE BILLS UNDER CONSIDERATION.

AS FOR SECTION 5 OF THE INSTANT BILLS, IT IS NOTED THAT SECTION 1716 OF TITLE 18, UNITED STATES CODE, WHICH IT WOULD AMEND, DEALS WITH THE MAILABILITY OF ARTICLES INTRINSICALLY DANGEROUS. SECTION 1715, ON THE OTHER HAND, DEALS WITH THE MAILABILITY OF FIREARMS, ITEMS MORE ANALOGOUS TO SWITCHBLADE KNIVES IN THAT BOTH REQUIRE THE INTRODUCTION OF A WRONGFUL ELEMENT TO MAKE THEM DANGEROUS. THEREFORE, IF THE COMMITTEE IS FAVORABLY DISPOSED TO RECOMMEND THE AMENDMENT OF TITLE 18 WITH RESPECT TO THE MAILABILITY OF SWITCHBLADE KNIVES, SECTION 1715 WOULD SEEM TO BE THE MORE APPROPRIATE SECTION FOR SUCH AMENDMENT.

THE BUREAU OF THE BUDGET HAS ADVISED THAT THERE IS NO OBJECTION TO THE SUBMISSION OF THIS REPORT.

SINCERELY YOURS,

LAWRENCE E. WALSH,

DEPUTY ATTORNEY GENERAL.

EXECUTIVE OFFICE OF THE PRESIDENT,

BUREAU OF THE BUDGET,

WASHINGTON, D.C., APRIL 15, 1958.

HON. OREN HARRIS,

CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE, HOUSE
OF REPRESENTATIVES, HOUSE OFFICE BUILDING, WASHINGTON, D.C.

MY DEAR MR. CHAIRMAN: THIS WILL ACKNOWLEDGE YOUR LETTERS OF JANUARY 9, 1958, AND FEBRUARY 13, 1958, REQUESTING THE VIEWS OF THIS OFFICE WITH RESPECT TO H.R. 9820 AND H.R. 10618, BILLS TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES.

THE BUREAU HAS PREVIOUSLY REPORTED TO YOUR COMMITTEE IN CONNECTION WITH H.R. 2849 AND H.R. 4013 ON APRIL 1, 1957, AND H.R. 7258 ON JUNE 13, 1957. ON THOSE OCCASIONS, WE POINTED OUT THAT THE DEPARTMENTS OF COMMERCE AND JUSTICE HAD RAISED SERIOUS QUESTIONS AS TO WHETHER THE PROBLEM IS NOT MORE PROPERLY A SUBJECT FOR THE POLICE POWERS OF THE VARIOUS STATES. THESE QUESTIONS APPEAR TO BE EQUALLY APPLICABLE TO THOSE SECTIONS OF THE SUBJECT BILLS CONTROLLING THE INTRODUCTION OF SWITCHBLADE KNIVES IN INTERSTATE COMMERCE.

WITH RESPECT TO SECTION 5 OF THE BILLS WHICH WOULD MAKE SUCH KNIVES NONMAILABLE, THE POSTMASTER GENERAL, IN THE REPORTS WHICH HE IS MAKING TO YOUR COMMITTEE, RECOMMENDS ENACTMENT SUBJECT TO CERTAIN PROCEDURAL AMENDMENTS SET FORTH IN HIS REPORT.

WHILE WE HAVE DOUBTS AS TO THE EFFECTIVENESS OF SUCH LIMITATION IN CONTROLLING THE WRONGFUL USE OF SWITCHBLADE KNIVES, THE BUREAU WOULD HAVE NO OBJECTION TO

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00122

S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910 (Leg.Hist.)

**(Cite as: 1958 U.S.C.C.A.N. 3435)**

THE ENACTMENT OF THOSE PROVISIONS OF THE BILLS DEALING WITH MAILABILITY OF SWITCHBLADE KNIVES IF AMENDED AS SUGGESTED BY THE POSTMASTER GENERAL.
SINCERELY YOURS,

PHILLIP S. HUGHES,

ACTING ASSISTANT DIRECTOR FOR LEGISLATIVE REFERENCE.

*3444 DEPARTMENT OF THE ARMY,

WASHINGTON, D.C., APRIL 18, 1958.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.
DEAR MR. CHAIRMAN: REFERENCE IS MADE TO YOUR REQUEST FOR THE VIEWS OF THE DEPARTMENT OF DEFENSE WITH RESPECT TO H.R. 9820, 85TH CONGRESS, A BILL TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES. THE SECRETARY OF DEFENSE HAS DELEGATED TO THE DEPARTMENT OF THE ARMY THE RESPONSIBILITY FOR EXPRESSING THE VIEWS OF THE DEPARTMENT OF DEFENSE THEREON.
THE PURPOSE OF THE BILL IS GENERALLY AS STATED IN ITS TITLE.
THE DEPARTMENT OF THE ARMY, ON BEHALF OF THE DEPARTMENT OF DEFENSE, WOULD INTERPOSE NO OBJECTION TO THE ABOVE-MENTIONED BILL PROVIDED IT IS AMENDED TO EXEMPT ARMED FORCES OPERATIONS FROM THE PROHIBITIONS CONTAINED THEREIN. THIS COULD BE ACCOMPLISHED BY AMENDING SECTION 4(B) OF THE BILL TO READ AS FOLLOWS:
'(B) THE MANUFACTURE, SALE, TRANSPORTATION, DISTRIBUTION, POSSESSION OR INTRODUCTION INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES--
'(1) BY THE ARMED FORCES OR ANY MEMBER OR EMPLOYEE THEREOF ACTING IN THE PERFORMANCE OF HIS DUTY; OR
'(2) PURSUANT TO CONTRACT WITH THE ARMED FORCES.'
IT IS ALSO NOTED THAT THERE APPEARS TO BE A TECHNICAL ERROR ON PAGE 2 OF THE BILL. IN LINE 12 OF THAT PAGE, THE WORD 'PROCESSES' SHOULD BE 'POSSESSES. ' (SEE, IN THIS CONNECTION, SEC. 3 OF H.R. 4013 AND H.R. 7258, 85TH CONG., IN WHICH THE WORD 'POSSESSES' IS USED.)
SUBJECT TO THE FOREGOING COMMENTS, THE DEPARTMENT OF THE ARMY ON BEHALF OF THE DEPARTMENT OF DEFENSE HAS NO OBJECTION TO ENACTMENT OF H.R. 9820, WHICH IS SIMILAR TO H.R. 4013 AND H.R. 7258, 85TH CONGRESS, AND ON WHICH THIS DEPARTMENT SUBMITTED SIMILAR REPORTS TO YOUR COMMITTEE ON APRIL 12, 1957, AND JULY 16, 1957, RESPECTIVELY.
THE ENACTMENT OF THIS PROPOSAL WOULD RESULT IN NO ADDITIONAL COST TO THE DEPARTMENT OF DEFENSE.
THIS REPORT HAS BEEN COORDINATED WITHIN THE DEPARTMENT OF DEFENSE IN ACCORDANCE WITH PROCEDURES PRESCRIBED BY THE SECRETARY OF DEFENSE.
THE BUREAU OF THE BUDGET ADVISES THAT THERE IS NO OBJECTION TO THE SUBMISSION OF THIS REPORT.
SINCERELY YOURS,

S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910 (Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

WILBER M. BRUCKER,

SECRETARY OF THE ARMY.

DEPARTMENT OF THE ARMY,

WASHINGTON, D.C., APRIL 18, 1958.
HON. OREN HARRIS,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
HOUSE OF REPRESENTATIVES, WASHINGTON, D.C.

DEAR MR. CHAIRMAN: REFERENCE IS MADE TO YOUR REQUEST FOR THE VIEWS OF THE DEPARTMENT OF DEFENSE WITH RESPECT TO H.R. 10618, 85TH CONGRESS, A BILL TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES. THE SECRETARY OF DEFENSE HAS DELEGATED TO THE DEPARTMENT OF THE ARMY THE RESPONSIBILITY FOR EXPRESSING THE VIEWS OF THE DEPARTMENT OF DEFENSE THEREON.

THE PURPOSE OF THE BILL IS GENERALLY AS STATED IN ITS TITLE.

THE DEPARTMENT OF THE ARMY, ON BEHALF OF THE DEPARTMENT OF DEFENSE, WOULD INTERPOSE NO OBJECTION TO THE ABOVE MENTIONED BILL PROVIDED IT IS AMENDED TO EXEMPT ARMED FORCES OPERATIONS FROM THE PROHIBITIONS CONTAINED*3445 THEREIN. THIS COULD BE ACCOMPLISHED BY AMENDING SECTION 4(B) OF THE BILL TO READ AS FOLLOWS:

'(B) THE MANUFACTURE, SALE, TRANSPORTATION, DISTRIBUTION, POSSESSION OR INTRODUCTION INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES--

'(1) BY THE ARMED FORCES OR ANY MEMBER OR EMPLOYEE THEREOF ACTING IN THE PERFORMANCE OF HIS DUTY; OR

'(2) PURSUANT TO CONTRACT WITH THE ARMED FORCES.'

IT IS ALSO NOTED THAT THERE APPEARS TO BE A TECHNICAL ERROR ON PAGE 2 OF THE BILL. IN LINE 12 OF THAT PAGE, THE WORD 'PROCESSES' SHOULD BE 'POSSESSES.' (SEE, IN THIS CONNECTION, SEC. 3 OF H.R. 4013 AND H.R. 7258, 85TH CONG., IN WHICH THE WORD 'POSSESSES' IS USED.)

SUBJECT TO THE FOREGOING COMMENTS, THE DEPARTMENT OF THE ARMY ON BEHALF OF THE DEPARTMENT OF DEFENSE HAS NO OBJECTION TO ENACTMENT OF H.R. 10618, WHICH IS SIMILAR TO H.R. 4013 AND H.R. 7258, 85TH CONGRESS, AND ON WHICH THIS DEPARTMENT SUBMITTED SIMILAR REPORTS TO YOUR COMMITTEE ON APRIL 12, 1957, AND JULY 16, 1957, RESPECTIVELY.

THE ENACTMENT OF THIS PROPOSAL WOULD RESULT IN NO ADDITIONAL COST TO THE DEPARTMENT OF DEFENSE.

THIS REPORT HAS BEEN COORDINATED WITHIN THE DEPARTMENT OF DEFENSE IN ACCORDANCE WITH PROCEDURES PRESCRIBED BY THE SECRETARY OF DEFENSE.

THE BUREAU OF THE BUDGET ADVISES THAT THERE IS NO OBJECTION TO THE SUBMISSION OF THIS REPORT.

SINCERELY YOURS,

WILBER M. BRUCKER,

SECRETARY OF THE ARMY.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

S. REP. 85-1980 Page 13
S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910
(Leg.Hist.)
**(Cite as: 1958 U.S.C.C.A.N. 3435)**

INTERSTATE COMMERCE COMMISSION,

JULY 23, 1958.
HON. WARREN G. MAGNUSON,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
UNITED STATES SENATE, WASHINGTON, D.C.
DEAR CHAIRMAN MAGNUSON: YOUR LETTER OF JULY 21, 1958, ADDRESSED TO THE CHAIRMAN OF THE COMMISSION AND REQUESTING COMMENTS ON AN ACT, H.R. 12850, PASSED BY THE HOUSE OF REPRESENTATIVES ON JUNE 26, 1958, TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR OTHER PURPOSES, HAS BEEN REFERRED TO OUR COMMITTEE ON LEGISLATION. AFTER CONSIDERATION BY THAT COMMITTEE, I AM AUTHORIZED TO SUBMIT THE FOLLOWING COMMENTS IN ITS BEHALF:
THE BROAD OBJECTIVE OF THIS PROPOSED LEGISLATION, WHICH WOULD PROHIBIT THE INTERSTATE SHIPMENT AND THE USE OF THE MAILS FOR THE CONVEYANCE OF SWITCHBLADE KNIVES, AND THE MANUFACTURE, USE, OR SALE OF SWITCHBLADE KNIVES WITHIN INDIAN COUNTRY OR THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES, IS NOT RELATED TO THE JURISDICTION OR FUNCTIONS OF THE INTERSTATE COMMERCE COMMISSION, AND FOR THAT REASON WE ARE NOT IN A POSITION TO EXPRESS AN OPINION WITH RESPECT TO ITS MERITS.
IT IS NOTED, HOWEVER, THAT THE MEASURE PROPERLY PROVIDES THAT SECTIONS 2 AND 3 THEREOF SHALL NOT APPLY TO 'ANY COMMON CARRIER OR CONTRACT CARRIER, WITH RESPECT TO ANY SWITCHBLADE KNIFE SHIPPED, TRANSPORTED, OR DELIVERED FOR SHIPMENT IN INTERSTATE COMMERCE IN THE ORDINARY COURSE OF BUSINESS;'.
RESPECTFULLY SUBMITTED.

HOWARD FREAS,

CHAIRMAN.

HOWARD FREAS,

ANTHONY ARPAIA,

ROBERT W. MINOR.

COMMITTEE ON LEGISLATION.

*3446 CIVIL AERONAUTICS BOARD,

WASHINGTON, D.C.
HON. WARREN G. MAGNUSON,
CHAIRMAN, COMMITTEE ON INTERSTATE AND FOREIGN COMMERCE,
UNITED STATES SENATE, WASHINGTON, D.C.
DEAR SENATOR MAGNUSON: THIS IS IN REPLY TO YOUR LETTER OF JULY 21, 1958, ASKING THE BOARD FOR A REPORT ON H.R. 12859, A BILL TO PROHIBIT THE INTRODUCTION, OR MANUFACTURE FOR INTRODUCTION, INTO INTERSTATE COMMERCE OF SWITCHBLADE KNIVES, AND FOR

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

KR00125

S. REP. 85-1980 Page 14

S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910 (Leg.Hist.)

**(Cite as: 1958 U.S.C.C.A.N. 3435)**

OTHER PURPOSES. IN YOUR LETTER YOU POINT OUT THAT THERE IS PENDING BEFORE THE COMMITTEE A SIMILAR BILL, S. 2558, ON WHICH THE BOARD HAS SUBMITTED ITS REPORT. YOU REQUEST THAT THE BOARD SUBMIT ITS REPORT ON H.R. 12850 AT THE EARLIEST POSSIBLE DATE.

AS WAS STATED IN THE BOARD'S REPORT ON S. 2558, THE PROPOSED LEGISLATION DOES NOT COME WITHIN THE JURISDICTION OF THE BOARD. ACCORDINGLY, THE BOARD EXPRESSES NO OPINION ON THIS MATTER AND HAS NO RECOMMENDATION TO MAKE IN REGARD TO EITHER S. 2558 OR H.R. 12850.

SINCERELY YOURS,

JAMES R. DURFEE, CHAIRMAN.

(Note: 1. PORTIONS OF THE SENATE, HOUSE AND CONFERENCE REPORTS, WHICH ARE DUPLICATIVE OR ARE DEEMED TO BE UNNECESSARY TO THE INTERPRETATION OF THE LAWS, ARE OMITTED. OMITTED MATERIAL IS INDICATED BY FIVE ASTERISKS: *****.

2. TO RETRIEVE REPORTS ON A PUBLIC LAW, RUN A TOPIC FIELD SEARCH USING THE PUBLIC LAW NUMBER, e.g., TO(99-495))

S. REP. 85-1980, S. Rep. No. 1980, 85TH Cong., 2ND Sess. 1958, 1958 U.S.C.C.A.N. 3435, 1958 WL 3910 (Leg.Hist.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.