UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Copeland, et al. | **DECLARATION OF** |
| | **NOEL GUTIERREZ** |
| Plaintiffs, | |
| | 11 Civ. 3918 (KBF) |
| -against- | |
| Vance, et al., | |
| Defendants. | |

NOEL GUTIERREZ declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

1.      I am a Sergeant in the New York City Police Department ("NYPD"). I became a member of the NYPD in July 2004.

2.      I am fully familiar with the facts set forth herein which are based on my personal knowledge.

3.      After I graduated from the Police Academy in January 2005, I was assigned to Police Service Area 4 ("PSA4"), which covers the housing developments on the lower east side of Manhattan.

4.      On October 10, 2010, I was a Police Officer assigned to a plainclothes Anti-Crime Team of four or five Officers and a Sergeant in PSA4.  Then-Police Officers Ioannis Kyrkos ("Kyrkos") and Ethan Abend were two of the Officers on the team.

5.      At approximately 1:10 p.m., I observed an individual later identified as John Copeland on the sidewalk opposite 251 East 3rd Street in Manhattan.  I observed a knife clipped to Copeland's front pants pocket.

1

6.      In my experience, the practice of carrying a knife clipped to one's pocket, as Copeland was carrying his knife, is to assist in easier deployment of the knife.

7.      Officer Kyrkos and I approached Copeland and recovered the knife. Copeland informed us that he was a mechanic and used his knife at work.

8.      Officer Kyrkos held the knife by its handle and flicked his wrist once. The blade of the knife came out of the handle in response to centrifugal force, and locked in place.

9.      Copeland observed Officer Kyrkos open his knife with a wrist flick.

10.     We informed Copeland that his knife was an illegal gravity knife, since it opened with centrifugal force and the blade locked into place.

11.     I then placed Copeland under arrest for Criminal Possession of a Weapon in the Fourth Degree, a violation of Penal Law §265.01(1).

12.     I processed Copeland's arrest at PSA4.  I issued Copeland a Desk Appearance Ticket and he was released.

13.     On November 3, 2010, I signed a criminal court complaint in the case of *People v. John Copeland.*

14.     I have made approximately 280 arrests in the course of my career. Over the course of my career, I have been involved in more than thirty arrests that included a charge of possession of a gravity knife.  All of those arrests involved folding knives.  I have reviewed Exhibit P-8 attached to the trial declaration of Paul Tsujimoto, depicting what Tsujimoto claims is a gravity knife.  The drawing appears similar to what I know to be a switchblade knife, except Tsujimoto states it will only open when the blade is facing down.  I have never seen such a knife on the street or at any time in my work as a Police Officer.

2

15.     There were lessons given at the Police Academy regarding weapons, including knives. We learned the Penal Law definition of a gravity knife and the charges to be imposed for its possession.

16.     Once I graduated from the Academy and was assigned to PSA4, I received a few months of field training where new Police Officers are teamed with a Sergeant and a training Officer. It was during that time that I observed other Officers employ the wrist flick test to determine whether a knife is a gravity knife. It was also during this time that I first applied the wrist flick test to a knife myself, and learned to determine whether a knife is a gravity knife by applying that test.

17.     Based on my observations and experience, Police Officers exclusively use the wrist flick test to determine whether a knife is a gravity knife. An Officer will hold the knife by its handle and flick his or her wrist to apply centrifugal force. If the blade exits the handle and locks into place, it is a gravity knife.

18.     I have watched the video of the Assistant District Attorney opening a silver folding knife with a black widow design. The motion depicted in the video is the same as the wrist flick that I apply in my work as a Police Officer to identify gravity knives. The knife itself is also similar to folding knives that I have seen on the street and identified as gravity knifes.

19.     Based on watching other Officers open gravity knifes and opening such knives myself in my capacity as an NYPD Officer, it is clear to me that being able to open a knife with a wrist flick depends more on technique and less on strength.

20.     If the blade does not exit the handle and lock into place on the first or second time, I would not charge its owner with possession of a gravity knife.

21.     Based on my experience, knives like the one Copeland was carrying can be modified by a tension screw or other device to make them easier or more difficult to open.  I have also observed that a knife may become easier or more difficult to open over time depending on how it is used or stored.

22.     Having been a Police Officer for approximately twelve years, I am familiar with criminal court complaints.

23.     The criminal court complaint is the document which sets out the legal and factual grounds for the charges against a defendant.

24.     A criminal court complaint is created and kept in the ordinary course of business at the District Attorney's Office and the officer signing a criminal court complaint is under a business duty to ensure the accuracy of the documents.

25.     Attached to this declaration as Exhibit D-3 is a copy of the criminal court complaint charging Copeland with Criminal Possession of a Weapon in the Fourth Degree.

Dated:          New York, New York
                April 6, 2016

                                        _____
                                        NOEL GUTIERREZ

4



EXHIBIT
D-3

**CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK**

Page 1 of 1

| THE PEOPLE OF THE STATE OF NEW YORK -against- | MISDEMEANOR |
|---|---|

**1. John Copeland (M 34)**      ECAB #
                                 1156789

Defendant.

Police Officer Noel Gutierrez, shield 03448 of the Housing PSA 4, states as follows:

On October 10, 2010, at about 15:10 hours opposite of 251 East 3rd Street in the County and State of New York, the Defendant committed the offenses of:

1.   PL265.01(1)   Criminal Possession of a Weapon in the Fourth Degree
                   (1 count)

the defendant possessed a gravity knife.

The offenses were committed under the following circumstances:

Deponent states that deponent observed Police Officer Ioannis Kyrkos, shield #12285 of the Housing PSA 4 recover one gravity knife from defendant's front right pants pocket. Deponent further states that deponent knows said knife is a gravity knife based on deponent's training and experience and based on deponent's observations that the blade of the knife is released from the handle of the knife by the application of centrifugal force and that when the blade is released, it locks in place automatically by means of a spring or other device and that the locking of the blade requires no further action by the user.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

_____          ___4/3/10___ 1342
Deponent                         Date and Time

ACT 5 Version 4.3.5 Created on 11/03/10 1:42 PM

**0015**