LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *°
Brian T. Keane ◊°
Richard L. Ravin *°□
Daniel L. Schmutter*
Andrew T. Wolfe ◊
Cheryl Villanueva◊
Tracey S. Bauer*

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

\* New York and New Jersey Bars
° Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

January 3, 2017

**Via ECF**
Hon. Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    **Copeland, et al. v. Cyrus Vance, Jr.**
            **Docket Number: 1:11-cv-03918-KBF-RLE**

Dear Judge Forrest:

    We represent Plaintiffs, John Copeland, Pedro Perez, and Native Leather Ltd. ("Plaintiffs") in the above referenced action.

    We write to notify the Court that on December 31, 2016, Governor Andrew Cuomo vetoed bill 9042-A which would have amended New York's gravity knife law to remove from its scope folding knives with a bias toward closure (a copy of the Governor's veto statement is attached). This is the bill as to which the Court requested post-trial submissions from the parties last June.

    We draw the Court's attention to the second paragraph in which Governor Cuomo notes that the current state of the law is "absurd" and the fourth and sixth paragraphs in which the Governor further notes that the "absurd" state of the law "must be addressed" and "cannot be ignored." We further draw the Court's attention to the fact that the Governor indicates that he vetoed the bill because he disagrees with the Legislature's approach to fixing the law.

    Unfortunately, what is clear from the Governor's veto statement is that while both houses of the Legislature and the Governor agree that the current state of the law is unacceptable, they <u>fundamentally</u> disagree on how to fix current law to protect law abiding knife owners.

                                       Respectfully submitted,
                                       /s Daniel L. Schmutter
                                   DANIEL L. SCHMUTTER

DLS/sr
Enclosure
cc:    Patricia Bailey (via ECF)
        Louise Lippin (via ECF)
        Eva Dowdell (via ECF)
        Elizabeth Krasnow (via ECF)



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY 12224

VETO #299

December 31, 2016

TO THE ASSEMBLY:

I am returning herewith, without my approval, the following bill:

Assembly Bill Number 9042-A, entitled:

"AN ACT to amend the penal law, in relation to the definitions of a switchblade knife and a gravity knife"

N O T  A P P R O V E D

This bill would change the existing law and amend subdivisions 4 and 5 of Penal Law Section 265.00 to exclude from the definition of "switchblade knife" and "gravity knife" those knives that have "a spring, detent, or other mechanism, including but not limited to resistance to opening designed to create a bias toward closure and that requires exertion applied to the blade by hand, wrist, or arm to overcome the bias toward closure and open the knife."

This bill highlights a serious conflict between (1) protecting public safety and (2) addressing an absurd contradiction in existing commercial and enforcement practices.

First, ensuring the highest level of public safety in our State is of paramount importance. The voices of law enforcement professionals and mayors across the State are uniform in their unwavering opposition to this bill. They note that at a time when gun violence in New York continues to decline, passing a law that would promote the unrestricted possession of knives designed to rapidly open with one hand would serve only to open a new door to crime and violence statewide. And while reporting on knife crimes in New York City has only recently begun, we already know that the people of New York City suffered a staggering 4,000 stabbings and slashings in 2015. And in the first half of 2016 alone, approximately half of the homicides that occurred in the Manhattan borough of New York City involved knives.

Notwithstanding those public safety concerns, under current New York law and practice, knives that are classified as "gravity knives" are designed, marketed and sold as work tools for construction workers and day laborers at a variety of major retailers across the State. However, any person who goes into a store and purchases the product can be subsequently arrested and prosecuted for mere possession. This construct is absurd and must be addressed but this bill unfortunately does not address it.

The bill seeks to amend a law designed to outlaw a knife created in the 1950s for use by German paratroopers, which could truly open by the force of gravity alone. The law has been subsequently interpreted to include knives that could be opened with a flick of one hand. This interpretation of the "gravity knife" has resulted in a definition that is both amorphous, subject to abuse and could include nearly any pocket knife. Rather than address that problem however, this bill would create more confusion among law enforcement and knife owners based upon its ambiguous phraseology. For example, the bill's usage of *"including but not limited to"* and *"designed to create a bias toward closure"* would potentially legalize all folding knives. Conversely, it would place the burden upon law enforcement to determine the design attributes of each given knife.

      To address these concerns, I proposed modifications to the Legislature that would have allowed crafts and tradespeople to possess these knives without penalty, as well as create an affirmative defense for those who possessed gravity knives with no intent to use it unlawfully. Unfortunately, the Legislature did not adopt any of these modifications. The problem presented by the current law and collateral enforcement consequences cannot be ignored and must be addressed in the next legislative session. In the interim, given the flaws of this bill and the Legislature's unwillingness to adopt clarifying modifications, I am constrained to veto this bill.

      This bill is disapproved.

*[signature]*